Jack H. Karpeles SBN 134478
1150 W. 13th St., Unit # 204
San Pedro, CA 90731-3868
(T) 310-738-7020; (F) 310-831-8780
jackhkesq@outlook.com
Attorney for Defendants Chung Soonkyo, LLC,
    Comet Hyesung, LLC, and Caroline S. Lee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bow Tie Realty and Investment, Inc. | CASE NO: 21STCV35370 |
| Plaintiff, | EXHIBIT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION) |
| v. | |
| Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee; and DOES 1-100, | |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee ("Defendants") hereby submit the following exhibits in support of their removal of the captioned case from the Superior Court

1

EXHIBIT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL
(FEDERAL QUESTION JURISDICTION)

1  of the State of California for Los Angeles County (Case 21STCV35370) to the

2  United States District Court for the Central District of California.

3        The process, pleadings, and orders served upon Defendants in state court

4  are attached as exhibits and consists of Exh. A (pp. 1-5): Plaintiff's complaint in

5  state court on September 27, 2021, with Defendants' May 9, 2022. Answer.

6  Dated: January 02, 2024

7

8  /s/ *Jack H. Karpeles*

9  Jack H. Karpeles
   Attorney for Defendants Chung Soonkyo, LLC,

10       Comet Hyesung, LLC, and Caroline S. Lee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL
(FEDERAL QUESTION JURISDICTION)

Electronically FILED by Superior Court of California, County of Los Angeles on 09/27/2021 08:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Chad Biggins, SBN 206922
Biggins Law Group
3701 Wilshire Blvd. Suite 410
Los Angeles, CA 90010
t.213.387-3100
f.213.387-3101
Attorneys for Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BOW TIE REALTY AND INVESTMENT, INC.. | Case No. 21STCV35370 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. DECLARATORY RELIEF**<br>**2. FRAUDULENT TRANSFER** |
| CHUNG SOONKYO, LLC, COMET HYESUNG, LLC, CAROLINE S. LEE, AND DOES 1-100 | **3. CIVIL CODE 3412**<br>**4. AIDING AND ABETTING** |
| Defendants. | |

Plaintiff BOW TIE REALTY AND INVESTMENT, INC. ("Plaintiff" or "Bowtie") alleges:

1.      Plaintiff is a corporation formed under the laws of the State of California.

2.      Defendant CHUNG SOONKYO, LLC is a Limited Liability Company formed and doing business in Los Angeles, California.  Defendant Caroline S. Lee is an individual residing in Los Angeles, California.

3.      The true names and capacities of Does 1 through 100 inclusive are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to add additional defendants should the names and capacities become known.

4.      Each defendant is a partner, principal, agent, assignee, employee, co-conspirator and/or alter ego or other affiliate of the other(s) and as such acted in concert with each other in doing the things alleged herein.  As such, the term "Defendants" shall be used herein to identify all defendants, including those named herein as Doe Defendants.

/ / /

EXHIBIT A.001

1

2

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**
**AGAINST ALL DEFENDANTS**

3

4

6.      All allegations above are repeated herein.

5

6

7.      On September 16, 2019, the court entered a judgment in favor of Bowtie against Defendant Caroline S. Lee in the amount of $672,892.19 in LASC Case No. **BC697147**, a case captioned Caroline S. Lee v. Jong Han Lee, et al. (the "First Lawsuit").  A court trial was held in Dept. 30 before Hon. Barbara Scheper from August 27, 2019 through August 29, 2019, resulting in said judgment, including on a cause of action for fraud, arising out of Caroline S. Lee's fraudulent inducement to enter a contract.

7

8

9

10

11

8.      On June 21, 2021, the court entered a judgment in favor of Plaintiff against Caroline Lee in the amount of $46,903.69 in LASC Case No. **20STCV14403**, a case captioned Bowtie Realty & Investment v. Caroline Lee, et al. (the "Second Lawsuit").  Bowtie filed this case arising out of Caroline Lee's fraudulent transfers and Caroline Lee filed a cross-complaint alleging unfair debt collections.  Thereafter, Caroline Lee posted a bond on her appeal of the First Lawsuit, rendering Bowtie's complaint moot and the Court granted Bowtie's anti-SLAPP motion, resulting in said judgment.  On January 21, 2021, Bowtie dismissed the complaint in the Second Lawsuit, *without prejudice*, because it became moot as a result of the posting of the appeal bond.

12

13

14

15

16

17

18

9.      Now, in attempting to enforce the judgment on the Second Lawsuit, unbeknownst to Bowtie at the time and not included in the allegations of the Second Lawsuit, Caroline Lee engaged in other fraudulent transfers.  One such transfer was made on or about July 9, 2020 (after the Second Lawsuit was filed) transferring real property from Caroline Lee to Chung Soonkyo, LLC., which appears to be a Limited Liability Company owed by Caroline Lee.

19

20

21

22

23

10.     Plaintiff alleges, on information and belief, that there was inadequate consideration given for transfer and that it is a sham, fraudulent transfer and / or cancelable instrument.

24

25

11.     Plaintiff seeks a declaratory judgment from the Court as to whether the transfer(s) of property to Chung Sookyo, LLC (and / or Does 1-100) is valid.  Further, Plaintiff seeks a declaratory judgment that the transfer(s) are void.

26

27

28

EXHIBIT A.002

2

COMPLAINT

**SECOND CAUSE OF ACTION**
**FRAUDULENT TRANSFER**
**AGAINST ALL DEFENDANTS**

12.    All allegations above are repeated herein.

13.    The transfers of title was made to insiders and in order to eliminate Caroline Lee's interest in the Property.  Defendants made the transfers with the actual intent to hinder, delay, and defraud its creditors, including Plaintiff.

14.    Defendants concealed their activities and misrepresented their activities to Plaintiff in order to keep Plaintiff from discovering their deceptive conduct.

15.    Further, Plaintiff is informed and believes Defendants are hiding money in order to evade collections.  Defendants made the transfers with the actual intent to hinder, delay, and defraud its creditors, including Plaintiff.  Each of the defendants has engaged in and aided and abetted numerous unlawful acts designed to defraud creditors such as Plaintiff.

16.    As a proximate result, Defendants are liable for fraudulent transfer and Plaintiff has been damaged in the amount of at least $100,000, which is the amount of the underlying judgment, plus interest, costs and fees.

17.    The conduct of the Defendants was with fraud, malice and oppression and as such the Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**CIVIL CODE § 3412**
**AGAINST ALL DEFENDANTS**

18.    All allegations above are repeated herein.

19.     Civil Code § 3412 provides: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

20.    Here, the deed(s) recorded by Defendants is void or voidable because, if left outstanding, it may cause serious injury to Plaintiff.

EXHIBIT A.003

**FOURTH CAUSE OF ACTION**
**AIDING AND ABETTING**
**AGAINST ALL DEFENDANTS**

21.    Plaintiff incorporates herein the allegations set forth above.

32.    Defendants all aided and abetted one another to defraud Plaintiff and deprive Plaintiff out of recovering on the judgment.

23.    Aiding and abetting liability may "'be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person.'" Fraudulent transfer is an intentional tort.  <u>Monastra v. Konica Business Machines, U.S.A., Inc.</u> (1996) 43 Cal.App.4th 1628, 1643–1644.

24.    The intentional tort alleged in this case is the fraudulent transfer.

25.    Defendants' conduct also caused irreparable and incalculable harm and injuries to Plaintiff and unless enjoined, will cause further irreparable harm.  Defendants' willfully acted in disregard and derogation of Plaintiffs' rights and Defendants carried out these acts with oppression, fraud and malice.  Plaintiffs are therefore entitled to punitive damages.

WHEREFORE, Plaintiff requests judgment as follows:

       1.    Ordering the transfer of the property / deed of trust to be set aside and voided;

       2.    Compensatory Damages in the amount of at least $100,000, plus interest.

       3.    Punitive damages in an amount to be determined.

       4.    Equitable relief, such as injunctive relief; and

       5.    Attorney's fees and costs pursuant to contract and/or statute.

       6.    For the appointment of a receiver and an accounting, and such other relief as the Court deems just and proper.

Date:  9-27-2021                By _/s/ *Chad Biggins*_____
                           Chad Biggins,
                           Attorneys for Plaintiff

EXHIBIT A.004

Electronically FILED by Superior Court of California, County of Los Angeles on 09/27/2021 08:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:24-cv-00034-PD   Document 1-1   Filed 01/02/24   Page 7 of 15   Page ID #:10

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CHUNG SOONKYO, LLC, CAROLINE S. LEE, AND DOES 1-100<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>BOW TIE REALTY AND INVESTMENT, INC.. | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*  Los Angeles Superior Court<br><br>111 N. Hill St. Los Angeles, CA  90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>21STCV35370 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Chad Biggins 206922, 3701 Wilshire Blvd., Suite 410, Los Angeles, CA  90010 Tel: 213-387-3100

Sherri R. Carter Executive Officer / Clerk of Court

| | | | | |
|---|---|---|---|---|
| DATE:  09/27/2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | R. Perez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

# EXHIBIT A.005

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

Electronically FILED by Superior Court of California, County of Los Angeles on 05/09/2022 11:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  Jack H. Karpeles SBN 134478
   1150 W. 13th St., Unit # 204
2  San Pedro, CA 90731-3868
3  (T) 310-738-7020; (F) 310-831-8780
   jackhkesq@cox.net
4  Attorney for Defendants Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee

5

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF LOS ANGELES**

10

11
   Bow Tie Realty and Investment, Inc.          )   CASE NO: 21STCV35370
12                                              )
                                                )
13              Plaintiff,                      )   ANSWER TO COMPLAINT
                                                )
14     v.                                       )   DEPT: 78, Hon. Robert S. Draper
                                                )
15  Chung Soonkyo, LLC, Comet Hyesung,          )   Action filed: September 27, 2021
   LLC, and Caroline S. Lee; and DOES 1-100,    )
16                                              )
                                                )
17              Defendants.                     )
18  _____

19                                I

20                           INTRODUCTION

21         Defendants Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee

22  [collectively, "ANSWERING DEFENDANT"], by and through their attorney of record, Jack

23  H. Karpeles, hereby responds to the Complaint of Plaintiff Bow Tie Realty and Investment,

    Inc., with the following answer and admits, denies and alleges as follows.

24                               II

25                       ANSWERS TO COMPLAINT

26         1. ANSWERING DEFENDANT does not have information sufficient to form a belief

27  about the truth of the allegations in paragraph 1, as alleged, and therefore denies the allegations

28  in paragraph 1.

                                          1

                                          EXHIBIT A.006

2. ANSWERING DEFENDANT admits the truth of the allegations in paragraph 2 as to only Defendants Cnung Soonkyo, LLC, and "Defendant Caroline S. Lee" and does not have information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 2, as alleged, and therefore denies the remaining allegations in paragraph 2.

3. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 3, as alleged, and therefore denies the allegations in paragraph 3.

4. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 4, as alleged, and therefore denies the allegations in paragraph 4.

5. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 5, if any such paragraph exists and as alleged, and therefore denies the allegations in paragraph 5.

6. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 6, as alleged, and therefore denies the allegations in paragraph 6.

7. ANSWERING DEFENDANT admits that there was a September 16, 2019, court judgment in the amount of $672,892.19 in LASC Case No. BC697147 in Department 30 before Hon. Barbara Scheper from August 27, 2019, through August 29, 2019, and does not have information sufficient to form a belief about the truth of the allegations in paragraph 7, as alleged, and therefore denies the allegations in paragraph 7.

8. ANSWERING DEFENDANT admits there was a June 21, 2021,  judgment in favor of Bowtie Realty & Investment, Inc, and does not have information sufficient to form a belief about the truth of the allegations in paragraph 8, as alleged, and therefore denies the allegations in paragraph 8.

9. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 9, as alleged, and therefore denies the allegations in paragraph 9.

10. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 10, as alleged, and therefore denies the allegations in paragraph 10.

2

EXHIBIT A.007

11. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 11, as alleged, and therefore denies the allegations in paragraph 11.

12. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 12, as alleged, and therefore denies the allegations in paragraph 12.

13. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 13, as alleged, and therefore denies the allegations in paragraph 13.

14. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 14, as alleged, and therefore denies the allegations in paragraph 14.

15. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 15, as alleged, and therefore denies the allegations in paragraph 15.

16. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 16, as alleged, and therefore denies the allegations in paragraph 16.

17. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 17, as alleged, and therefore denies the allegations in paragraph 17.

18. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 18, as alleged, and therefore denies the allegations in paragraph 18.

19. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 19, as alleged, and therefore denies the allegations in paragraph 19.

20. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 20, as alleged, and therefore denies the allegations in paragraph 20.

21. ANSWERING DEFENDANT does not have information sufficient to form a belief

3

EXHIBIT A.008

about the truth of the allegations in paragraph 21, as alleged, and therefore denies the allegations in paragraph 21.

22. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 22, as alleged, and therefore denies the allegations in paragraph 22.

23. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 23, as alleged, and therefore denies the allegations in paragraph 23.

24. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 24, as alleged, and therefore denies the allegations in paragraph 24.

25. ANSWERING DEFENDANT does not have information sufficient to form a belief about the truth of the allegations in paragraph 25, as alleged, and therefore denies the allegations in paragraph 25.

## AFFIRMATIVE DEFENSES

1. **Estoppel** –Plaintiff's own actions and statements have prevented Defendants from satisfying legitimate demands of creditors, including Plaintiff, because Defendant, to her detriment, relied on Plaintiff's misleading actions and statements in the transaction or activity under dispute, including threats and misrepresentations and was unaware of the true facts.

2. **Unclean hands** - Plaintiff comes to the lawsuit having conducted itself in a bad faith manner in the transaction or activity under dispute, including threats and misrepresentations. Plaintiff has not been forthright and straightforward about the facts of the transaction or activity under dispute. Defendant asserts that the Plaintiff has committed a wrongdoing, and this lawsuit is attempting to benefit from this wrongdoing.

3. **Failure to State a Claim Upon Which Relief May be Granted** - Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action as against this Defendant.

4. **Failure to Mitigate Damages** - Regarding the disputed transaction or activities, Plaintiff failed to mitigate its damages, if indeed it had any at all.

ANSWER TO CPLT; Bow Tie Realty and Inv, Inc. v. Chung Soonkyo, LLC, L.A.S.C. # 21STCV35370

EXHIBIT A.009

5. **Unjust enrichment** - Regarding the disputed transaction or activities, granting of the Plaintiff's demand in the Complaint would result in unjust enrichment, as the Plaintiff would receive more money than Plaintiff is entitled to receive.

6. **Causation** - Plaintiff's omissions and commissions caused the transaction or activity under dispute - the Complaint alleges damages that are the result of acts or omissions committed by the Plaintiff, including threats and misrepresentations.

7. **Failure to name necessary parties** - Plaintiff has failed to name all necessary parties in connection with the transaction or activity under dispute.

8. **Prevention of performance**. Regarding the disputed transaction or activities, Plaintiff refused good faith and fair dealing necessary to allow Defendant to perform her duties satisfactorily with Plaintiff, including threats and misrepresentations.

9. **Waiver**. Regarding the disputed transaction or activities, Defendant asserts that Plaintiff has through representations or actions, including threats and misrepresentations, waived its right to sue, and therefore cannot sustain this action.

10. **Election**. When presented with a remedy to the complaints or grievances that Plaintiff voiced regarding the disputed transaction or activities, the Plaintiff chose its own remedy as opposed to the remedy that Defendant offered it.

11. **Statute of Frauds**. Regarding the disputed transaction or activities, the Defendant asserts that any written agreement between the parties was intended to be the full agreement between the parties, and that the Plaintiff cannot present any evidence not in writing to establish any terms of the contract not in the written agreement.

12. **Satisfaction**. Regarding the disputed transaction or activities, the Defendant asserts that the account, debt, or contract has already been satisfied.

13. **Substantial compliance**. Regarding the disputed transaction or activities, the Defendant asserts that she substantially complied with any contract or legal duty related thereto, leaving only a small part of the contract or legal duty undone, and that, as a result, awarding the judgment sought by Plaintiff would be unjust and unfair.

14. **Misrepresentation**. Regarding the disputed transaction or activities, Defendant asserts that Plaintiff or Plaintiff's assignee obtained the Defendant's consent to any contract or transaction through fraud, deceit, or misrepresentation by the Plaintiff or Plaintiff's assignee, ,

ANSWER TO CPLT; Bow Tie Realty and Inv, Inc. v. Chung Soonkyo, LLC, L.A.S.C. # 21STCV35370

EXHIBIT A.010

including threats and misrepresentations and that as a result the contract or transactkon is invalid as Plaintiff's claim of breach of duty, contractual or otherwise.

15. **Lack of consideration**. Regarding the disputed transaction or activities, Defendant asserts that she did not receive the monetary compensation or goods or services promised to Defendant in any related contract or legal prescription.

16. **Laches**. Regarding the disputed transaction or activities, Defendant asserts that Plaintiff has waited an unreasonably long time to file this lawsuit, and the Defendant's ability to defend this lawsuit has been severely prejudiced due to this unreasonable delay by denying Defendant access to documents or other physical evidence, witnesses, and a reasonably fresh recollection of the events giving rise to this lawsuit.

17. **Statute of limitations**. Regarding the disputed transaction or activities, Defendant asserts that recovery in this case is barred by the s ed transaction or activities, the Defendant asserts that there is no contractual relationship or tatute of limitations.

18. **Lack of privity**. Regarding the disput agreement between the Plaintiff, or Plaintiff's assignee, and the Defendant.

19. **Offset**. Regarding the disputed transaction or activities, Defendant asserts that Plaintiff or Plaintiff's assignee owes money or other valuable consideration to Defendant, or has not properly credited payments made, and that as a result the Defendant owes less than the amount claimed by the plaintiff.

20. **No damage to Plaintiff**. Regarding the disputed transaction or activities, Defendant asserts that even if the Plaintiff's other allegations are true, the Plaintiff did not suffer any damages (economic loss).

DEFENDANT PRAYS

For costs of suit and that Plaintiff(s) takes nothing.

Dated: May 9, 2022

/s/ *Jack H. Karpeles*

Jack H. Karpeles
Attorney for Defendant Caroline Lee

6

EXHIBIT A.011

Electronically FILED by Superior Court of California, County of Los Angeles on 05/09/2022 11:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  Jack H. Karpeles SBN 134478
2  1150 W. 13th St., Unit # 204
   San Pedro, CA 90731-3868
3  (T) 310-738-7020; (F) 310-831-8780
   jackhkesq@cox.net
4  Attorney for Defendants Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee

5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

11

12  Bow Tie Realty and Investment, Inc.      )    CASE NO: 21STCV35370
                                             )
13              Plaintiff,                   )    PROOF OF SERVICE
                                             )
14     v.                                    )    DEPT: 78, Hon. Robert S. Draper
                                             )
15  Chung Soonkyo, LLC, Comet Hyesung,       )    Action filed: September 27, 2021
16  LLC, and Caroline S. Lee; and DOES 1-100,)
                                             )
17              Defendants.                  )
                                             )
18                                           )
    _____
19
    Jack Karpeles declares☺
20

21      1. I am Jack Karpeles, the attorney of record for Defendants Chung Soonkyo, LLC,

22  Comet Hyesung, LLC, and Caroline S. Lee in the above-captioned action.

23      2. I have personal knowledge of the following statements of facts.

24      3. I could and would competently testify thereto under oath if called upon to do so.

25      4. On the below date in Los Angeles Superior Court at 111 N. Hill Street, Los

26  Angeles, CA 90012, I served by eFiling the document(s) cited in the Document List to the

27  person(s) listed in the Service List.

28

                                          1

EXHIBIT A.012

**DOCUMENT LIST**:

ANSWER TO COMPLAINT

**SERVICE LIST**:

Mr. Chad Biggins, Esq.
3701 Wilshire Bulevard # 410
Los Angeles, CA 90010
(T) (213) 387-3100, (F) (213) 387-3101
chadbiggins@gmail.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 9, 2022

/s/ *Jack H. Karpeles*

Jack H. Karpeles
Attorney for Defendants Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee

2

EXHIBIT A.013