O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOW TIE REALTY & INVESTMENT, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHUNG SOONKYO, LLC, ET AL.,<br><br>　　　　　　　　Defendants. | Case No.: 2:24-cv-00034-MEMF-PVC<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NOS. 4, 6]** |

Before the Court is the Motion to Remand filed by Plaintiff Bow Tie Realty & Investment, Inc. ECF Nos. 4, 6. For the reasons stated herein, the Court hereby GRANTS the Motion to Remand.[1]

**I.    Background**

Plaintiff Bow Tie Realty & Investment, Inc. ("Bow Tie") initiated this action in Los Angeles Superior Court on September 27, 2023. ECF No. 1 ("Removal Notice"). On January 2, 2024,

---

[1] On March 4, 2024, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 11; *see also* C.D. Cal. L.R. 7-15.

1  Defendants Chung Soonkyo, LLC, Comet Hyesung, LLC, and Caroline S. Lee ("Defendants")
2  removed the action to this Court. *Id.*
3      On January 8, 2024, Bow Tie filed a Motion to Remand. ECF No. 4. After the case was
4  reassigned, Bow Tie re-filed its Motion to Remand before this Court on January 10, 2024. ECF No.
5  6 (the "Motion"). On January 26, 2024, the Court noted that Defendants did not timely submit any
6  opposition to the Motion, and ordered Defendants to submit their opposition no later than February
7  2, 2024. ECF No. 9. However, Defendants failed to submit any opposition to date. Bow Tie filed a
8  reply on February 5, 2024. ECF No. 10.

**II.     Applicable Law**

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court only if the federal court has subject matter jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. Only a defendant—not a plaintiff—may remove an action. *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017–18 (9th Cir. 2007) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–08 (1941)).

There are different possible deadlines for a defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the defendant need not immediately remove, and instead must remove "within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)).

If another party subsequently challenges the removal, the burden is on "the proponent of federal jurisdiction" to prove that removal is proper. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

### III. Discussion

#### A. The Court Finds No Basis for Removal

The Court previously noted to Defendants that failure to file an opposition to the Motion may result in the granting of the Motion. ECF No. 9. Accordingly, the Court finds good cause to grant the Motion on this basis alone. Nevertheless, the Court independently finds that no subject matter jurisdiction exists over this case, and there was no basis for Defendants to remove the case in the first instance.

In the Removal Notice, Defendants asserted that the action was proper for removal under 28 U.S.C. § 1441(a) because the case presented a federal question. Removal Notice at 2. However, the underlying Complaint in the case lists four state causes of action for (1) declaratory relief, (2) fraudulent transfer, (3) under Civil Code Section 3412, and (4) aiding and abetting. ECF No. 1-1 ("Complaint"). Defendants even appear to concede that this Complaint "does not indicate grounds for removal." Removal Notice at 2. Defendants rather assert that Defendant Caroline Lee is a disabled person who has encountered barriers or otherwise been discriminated against in the Los Angeles Superior Court, and is removing on this basis. Defendants provide no law supporting that an individual defendant's allegation of discrimination against a state court (from which it appears has not been asserted in any actual lawsuit or proceeding) would provide a grounds for removal. The Court does not find this a proper basis for removal.

Accordingly, the Court GRANTS the Motion.

#### B. The Court Finds An Award of Fees and Costs Appropriate

Bow Tie also separately seeks attorney's fees for its fees and costs associated with preparing its Motion. Motion at 7. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). The standard for awarding fees under this provision should "turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court may award fees

"where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "District courts are not required to make a specific finding of bad faith before imposing sanctions for improper removal." *Malgenisi v. Malley*, 2023 WL 1281664, at *2 (9th Cir. Jan. 31, 2023). Here, the Court finds an absence of any valid basis for removal, and the Court construes Defendants' failure to file an opposition despite being given a second chance as a concession that the removal was meritless. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir. 2006) (where there was no objectively reasonable basis for removal, the district court properly awarded fees), *abrogated on other grounds*.

Accordingly, the Court will award fees, but orders that Bow Tie submit additional documentation and briefing related to the fees and costs incurred to the Court.[2]

### IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion to Remand is GRANTED;
2. Plaintiff is ordered to submit, within 10 days of issuance of this Order, additional documentation and briefing in support of the fees and costs sought;
    a. Defendants are granted 10 days from Plaintiff's submission to respond if they dispute the amounts claimed;
3. The Court will retain jurisdiction of the case until such time the fee award is finalized.

IT IS SO ORDERED.

Dated: March 18, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[2] Bow Tie asks the Court to include in its remand order a requirement to pay fees for which the Superior Court should determine upon remand. Motion at 7. However, as it is this Court's order that is granting the award of fees, the Court finds that the amount should be determined and awarded prior to remand. The Court will retain jurisdiction of the case until such time the fee award is finalized.